[No. F044674. Fifth Dist. June 24, 2004.]

In re GERARDO A., JR., et al., Persons Coming Under the Juvenile Court Law.
FRESNO COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Plaintiff and Respondent, v.
GERARDO A., SR., Defendant and Appellant.

COUNSEL

Christopher Blake, under appointment by the Court of Appeal, for Defendant and Appellant.

Phillip S. Cronin, County Counsel, and Howard K. Watkins, Deputy County Counsel, for Plaintiff and Respondent.

OPINION

BUCKLEY, J.—Gerardo A., Sr., appeals from an order terminating his parental rights (Welf. & Inst. Code, § 366.26) as to his five children (the A. children).[1] He contends the court erroneously found at an earlier hearing that the Indian Child Welfare Act (ICWA) (25 U.S.C. § 1901 et seq.) did not apply to the children's dependency. On review, we agree and will reverse.

■ In *In re H.A.* (2002) 103 Cal.App.4th 1206, 1215 [128 Cal.Rptr.2d 12], this court required a department or agency which seeks foster care placement of or parental rights termination to a child who may be eligible for Indian child status to make a documentary record of its compliance with ICWA notice requirements (25 U.S.C. § 1912) or face the strong likelihood of appellate reversal. The department in this case made the requisite documentary showing. Nevertheless, the appellate record also reveals the department possessed identifying Indian heritage information that it did not share with

---

[1] All statutory references are to the Welfare and Institutions Code unless otherwise indicated.

one or more tribes of which the dependent child could be a member. Because one of the purposes of ICWA notice is to enable a tribe to investigate whether a child is eligible for tribal membership, that opportunity means little if a department does not provide the available Indian heritage information it possesses. Thus, we hold that a department's compliance with the express ICWA notice requirements will not suffice if the appellate record also reveals the department possessed identifying Indian heritage information that it did not share with one or more tribes of which the dependent child could be a member.

## PROCEDURAL HISTORY

In October 2001, law enforcement officers discovered two clandestine methamphetamine (meth) labs on property upon which the A. children lived with their mother and father, the appellant. Not only were the A. children exposed to the toxic chemicals used in making meth, but the children also had access to meth in their residence. These circumstances led the Fresno County Superior Court to exercise jurisdiction over the A. children and, as of January 2002, adjudge them dependent children of the court and remove them from parental custody.

Appellant's whereabouts were unknown to the court and respondent Fresno County Department of Children and Family Welfare (the department) until after reunification efforts between the mother and the children failed. The record shows appellant was first properly noticed in August 2003, when he was personally served in state prison with notice of the termination hearing. Although the court had appointed counsel for appellant, appellant never personally appeared in these proceedings, no transportation order having apparently been issued. Eventually in December 2003, the court terminated parental rights to all of the A. children.

## DISCUSSION

*Facts Relevant to ICWA*

At the outset of these dependency proceedings, the children's mother reported to the department that she and her children were Waksachi, an Indian tribe which was not federally recognized. She added that her mother (the children's maternal grandmother) might know more information. The mother's sister confirmed the A. children's maternal grandmother was Waksachi Indian. She further stated that the children's maternal grandfather was Chukchansi, Choinumni, and Navajo Indian.

In subsequent interviews with the mother, the department learned neither she nor any one of her children was registered with a tribe, federally

recognized or not. Nonetheless, the mother reported, she had an enrollment number with the federal Bureau of Indian Affairs (BIA) and received, along with the A. children's maternal grandmother, ongoing BIA food distribution services. The entire family also received health services through the Central Valley Indian Health Association. Further, the children's maternal aunt once attended an Indian school.

The department received additional information that the children's mother also had Wukchumni Indian heritage on her mother's side and Tachi Indian heritage on her father's side. In addition, nephews of the maternal grandfather were allegedly enrolled Tachi at the Santa Rosa Rancheria.

Consequently, the department had information that the A. children might be entitled to the benefits of ICWA by virtue of Waksachi and Wukchumni Indian heritage through their maternal grandmother and Chukchansi, Choinummi, Tachi and Navajo Indian heritage through their maternal grandfather.

In November 2001, before the jurisdictional hearing, the department served, by certified mail with return receipt requested, a notice of the A. children's dependency proceedings (also known as SOC 319), a copy of the dependency petition, and a completed form request for confirmation of child's status as Indian (request-for-confirmation form; also known as SOC 318) upon several entities. They were the BIA regional offices in Sacramento, California and Gallup, New Mexico, the Santa Rosa Rancheria in Lemoore, California, the Colorado River Indian Tribe in Parker, Arizona, and the Santa Rosa Band of Mission Indians in Anza, California.[2] Relevant to this appeal, the completed request-for-confirmation form included all of the information summarized above regarding the mother's Indian heritage. In spaces provided for the birthplaces of all the maternal relatives named as well as for some birthdates the letters "unk" were inserted.

Two months later and before the dispositional hearing, the department served, again by certified mail with return receipt requested, notice of the dispositional hearing date along with a completed notice form SOC 319 upon the Picayune Rancheria in Coarsegold, California, and the Navajo Nation in Window Rock, Arizona as well as each of the tribes and the BIA regional offices previously served.[3]

---

[2] We note not all the names of these tribes coincide with the tribal names or associations provided by the maternal relatives. The appellate record does not clarify the department's reasoning in serving these particular tribes. However, appellant does not contend the department's decision to serve these tribes was error.

[3] It is undisputed on review that the Picayune Rancheria is a federally-recognized tribe of the Chukchansi Indians.

The department received only one response to its notices. The Colorado River Indian Tribe informed the department it did not recognize the A. children as members of its tribe. In turn at the January 2002 dispositional hearing, the superior court specifically found that ICWA did not apply to the A. children's dependency proceedings.

*Issues*

Appellant has two specific criticisms of the department's efforts to provide proper ICWA notice. As a consequence, appellant contends, the superior court erred in January 2002 by determining that ICWA did not apply to his children. One, he questions the absence of certain information on the request-for-confirmation form the department completed and served in November 2001 on some of the tribes and BIA. Two, he contends the department improperly failed to serve its completed request-for-confirmation form, along with ICWA notice, on the Picayune Rancheria and the Navajo Nation. Having reviewed the record and applicable law, we agree with appellant's second contention and will reverse.

*Analysis*

**I.**

On a procedural note, the department contends appellant has forfeited the issue of ICWA compliance by failing to preserve the issue in the superior court (*In re Richard K.* (1994) 25 Cal.App.4th 580, 590 [30 Cal.Rptr.2d 575]) and not appealing the superior court's January 2002 finding in a timely fashion (*In re Pedro N.* (1995) 35 Cal.App.4th 183, 189 [41 Cal.Rptr.2d 819]). We find no forfeiture on this record.

The department did not perfect notice on appellant until August 2003 and there is no showing in the record that prior to the termination hearing, he or his counsel received discovery or other notice regarding the mother's claims of Indian heritage or the court's January 2002 ruling. Under these circumstances, this appeal represents the first opportunity for appellant to raise the issue of ICWA compliance. To accept respondent's argument would be to violate appellant's due process rights. (*In re Meranda P.* (1997) 56 Cal.App.4th 1143, 1151 [65 Cal.Rptr.2d 913].) Therefore, we find his challenge to be timely and will review it on the merits.

**II.**

ICWA protects the interests of Indian children and promotes the stability and security of Indian tribes and families by establishing certain

minimum federal standards, distinct from state court standards, in juvenile dependency actions involving an Indian child. (*In re Kahlen W.* (1991) 233 Cal.App.3d 1414, 1421 [285 Cal.Rptr. 507].) When a state court "knows or has reason to know that an Indian child is involved" in a juvenile dependency proceeding, a duty to give notice under ICWA arises. (25 U.S.C. § 1912(a); *In re Kahlen W., supra,* 233 Cal.App.3d at p. 1421.) Under ICWA, an "Indian child" means "any unmarried person who is under age eighteen and is either (a) a member of an Indian tribe or (b) is eligible for membership in an Indian tribe and is the biological child of a member of an Indian tribe." (25 U.S.C. § 1903(4).) The Indian status of the child need not be certain in order to trigger notice. (*In re Kahlen W., supra,* 233 Cal.App.3d at p. 1422.) The requisite notice enables the tribe and/or BIA, in part, to investigate and determine whether the minor is an "Indian child." (*In re Junious M.* (1983) 144 Cal.App.3d 786, 796 [193 Cal.Rptr. 40].)

To ensure compliance with ICWA notice requirements, this court held in *In re H.A., supra,* 103 Cal.App.4th at p. 1214 that a department which seeks the foster care placement of or the termination of parental rights to a child who may be eligible for Indian child status must do the following or face the strong likelihood of reversal on appeal to this court.

"First, the Department must complete and serve, pursuant to the terms of 25 United States Code section 1912(a), the 'NOTICE OF INVOLUNTARY CHILD CUSTODY PROCEEDING INVOLVING AN INDIAN CHILD' [(the SOC 319)] along with a copy of the dependency petition. Second, the Department must file with the superior court copies of proof of the registered mail or certified mail and the return receipt(s), the completed 'NOTICE OF INVOLUNTARY CHILD CUSTODY PROCEEDING INVOLVING AN INDIAN CHILD' that was served, and any responses received." (*In re H.A., supra,* 103 Cal.App.4th at p. 1215.)

Our review of the record discloses that the department complied with the letter of 25 U.S.C. section 1912(a) and our opinion in *In re H.A., supra,* 103 Cal.App.4th at p. 1206. The real question for review is whether the department reasonably did enough or could have done more to inquire about the maternal family's Indian heritage and in turn inform the identified tribes.

## III.

As to his first contention, appellant assumes the department's social workers spoke only to the children's mother and maternal aunt on the subject of Indian heritage. According to appellant, the department should have inquired of the children's maternal grandmother or other older maternal

relatives for additional family history, such as the birthplaces and/or birth-dates for those listed on the request-for-confirmation form whose birthplaces and/or birthdates were noted as "unk" or unknown.

We reject this argument because it is based on speculation. (*Calhoun v. Hildebrandt* (1964) 230 Cal.App.2d 70, 72 [40 Cal.Rptr. 690] [it is appel-lant's burden to affirmatively show error on the record].) The fact that the record is silent regarding whether the department spoke with anyone other than the children's mother and maternal aunt does not necessarily mean the department failed to make an adequate inquiry for Indian heritage informa-tion. Similarly, appellant assumes without any basis in the record that the maternal grandmother or other older maternal relatives were available to be interviewed in 2001 and could have supplied the missing birthplaces and birthdates for the request-for-confirmation form. Under these circumstances, we need not address appellant's underlying contention that it is the depart-ment's duty under ICWA to interview family elders.

## IV.

With respect to appellant's second contention, we agree the department failed to provide all of the tribes entitled to notice in this case with the Indian heritage information it (the department) had collected. As appellant notes, in November 2001, the department served "relatively complete notices," includ-ing the completed request-for-confirmation form, on the BIA regional offices in Sacramento, California, and Gallup, New Mexico, the Santa Rosa Rancheria in Lemoore, California, the Colorado River Indian Tribe in Parker, Arizona, and the Santa Rosa Band of Mission Indians in Anza, California. However, for some reason undisclosed by the record, it did not serve the Picayune Rancheria and the Navajo Nation, both of whom were entitled to notice here, with any notice of the proceedings in November 2001. In January 2002 when it did serve notice on the Picayune Rancheria and the Navajo Nation, the department did not include copies of the request-for-confirmation form it previously completed. Thus, the record establishes the department failed to provide Indian heritage information that it possessed regarding the A. children to the Picayune Rancheria and the Navajo Nation.

Because the record reveals that the department possessed identifying Indian heritage information and it did not share that information with one or more tribes of whom a dependent child could be a member, we cannot conclude the department's effort to serve notice satisfied ICWA. As mentioned earlier, one of the purposes of ICWA notice is to enable the tribe or BIA to investigate and determine whether the minor is an "Indian child." (*In re Pedro N., supra,* 35 Cal.App.4th at p. 186.) The opportunity for a tribe or the BIA to investigate means little if the department does not provide the available Indian heritage information it possesses.

We recognize that our holding in *In re H.A., supra*, 103 Cal.App.4th at p. 1206 did not require the completion and service upon identified tribes and the BIA of a request for confirmation form or any other documentation which sets forth the information, available to a department, on a dependent child's Indian heritage.[4] At most, this court observed, "the request for confirmation includes blanks for detailing the dependent child's family history as an aid to a tribe in determining whether the particular dependent child qualifies for Indian child status. The notice of hearing is helpful but again it is not enough for notice under the federal law." (*In re H.A., supra*, 103 Cal.App.4th at p. 1212.)

Due to the department's omission, the juvenile court erred in finding at the January 2002 dispositional hearing that ICWA did not pertain to the A. children. (*In re H.A., supra*, 103 Cal.App.4th at p. 1211 [it is the juvenile court's sua sponte duty to assure ICWA notice compliance].) Had the juvenile court reviewed the notice served on the Picayune Rancheria and the Navajo Nation, it would have discovered there was no evidence that the department provided either of these tribes with the available Indian heritage information it possessed regarding the A. children.

We further conclude the error was prejudicial. Unless a tribe has participated in or expressly indicated no interest in the proceedings, the failure to comply with ICWA notice requirements (25 U.S.C. § 1912(a)) constitutes prejudicial error. (*In re Desiree F.* (2000) 83 Cal.App.4th 460, 472 [99 Cal.Rptr.2d 688].)

For clarification purposes on remand, we conclude the department properly served, for ICWA purposes, the BIA regional offices in Sacramento, California and Gallup, New Mexico, the Santa Rosa Rancheria in Lemoore, California, the Colorado River Indian Tribe in Parker, Arizona, and the Santa Rosa Band of Mission Indians in Anza, California. The department must serve new ICWA notice upon the Picayune Rancheria and the Navajo Nation, including the available Indian heritage information it possesses regarding the A. children. It must thereafter file with the superior court and serve upon the parties the documentary proof of its compliance with this opinion and the terms of *In re H.A., supra*, 103 Cal.App.4th at page 1215. The department should also explain, by way of social worker report or testimony, the apparent discrepancies between the names of the tribes whom the maternal family

---

[4] That precise issue was not raised in *In re H.A., supra*, 103 Cal.App.4th 1206. Other courts, however, have imposed such a duty, citing federal guidelines (25 C.F.R. § 23.11(d)). (See *In re Karla C.* (2003) 113 Cal.App.4th 166 [6 Cal.Rptr.3d 205] and *In re D.T.* (2003) 113 Cal.App.4th 1449 [5 Cal.Rptr.3d 893].)

identified and the names of the tribes it served.[5] If it appears either to the department or the superior court that other federally-recognized tribes should be served with ICWA notice and the completed request-for-confirmation form, such action should be taken and further hearing in this case deferred until the requisite time for notice (see 25 U.S.C. § 1912(a)) has elapsed. Thereafter, the court shall conduct a hearing to determine whether proper notice was given, the import of any response received and ultimately whether ICWA applies in this case.

## DISPOSITION

The order terminating parental rights is reversed. On remand, the juvenile court is directed to vacate its prior ruling that ICWA did not apply to the A. children's dependency and conduct further proceedings consistent with the views expressed in this opinion. If the court determines (1) the department has properly served the available Indian heritage information it possesses regarding the A. children, along with the proper notice, upon the Picayune Rancheria, the Navajo Nation, and any other Indian tribe entitled to ICWA notice, and (2) no tribe claims the A. children are "Indian children" under ICWA, the court shall reinstate its order terminating parental rights. Alternatively, the court shall proceed in this matter pursuant to the terms of ICWA.

Vartabedian, Acting P. J., and Wiseman, J., concurred.

[5] We deny appellant's request for judicial notice of his counsel's independent research regarding Indian tribes.