[No. B206462. Second Dist., Div. Three. Aug. 14, 2008.]

JUSTIN L. et al., Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY
SERVICES, Real Party in Interest.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

*Pursuant to California Rules of Court, rules 8.1100 and 8.1110, this opinion is certified for publication as to parts I, IIc., IIIc., and IV.

**COUNSEL**

Los Angeles Dependency Lawyers, Law Office of Barry Allen Herzog, Ellen L. Bacon and Katherine Baca for Petitioner Justin L.

Law Offices of Katherine Anderson, Victoria Doherty and Amy Einstein for Petitioner Jaron D.

Law Offices of Alex Iglesias, Steven D. Shenfeld and Adam Reed for Petitioner R.L.W.

No appearance for Respondent.

Raymond G. Fortner, Jr., County Counsel, James M. Owens, Assistant County Counsel, and Aileen Wong, Associate County Counsel, for Real Party in Interest.

---

OPINION

**ALDRICH, J.—**

I

INTRODUCTION

Three parents of two children, mother R.L.W., Justin L., father of I.L., and Jaron D., father of E.D., filed petitions for extraordinary writ review (Cal. Rules of Court, rule 8.452) challenging various orders made by the juvenile court on March 12, 2008. We issue a peremptory writ of mandate for the sole purpose of directing the juvenile court and the Department of Children and Family Services (the Department) to comply with the inquiry and notice requirements of the Indian Child Welfare Act of 1978 (25 U.S.C. §§ 1901 et seq. & 1912; the ICWA). In all other respects we affirm the juvenile court's orders. We publish this opinion to call attention, once again, to the persistent failure of the juvenile court and the Department to fulfill their obligations under the ICWA.

II

FACTUAL AND PROCEDURAL BACKGROUND

a., b.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

c. *The adjudication and disposition orders*

The juvenile court sustained the following allegations in the petition under Welfare and Institutions Code section 300, subdivisions (a), (b), (e), and (g): In March 2007, baby E. was found to be suffering from a seizure, fever, difficulty breathing, and injuries to her back, thighs, left bicep, and right eye

---

*See footnote, *ante*, page 1406.

and was hospitalized for multiple fractures to her skull, and acute and old subdural hematomas. Mother's explanations were inconsistent with E.'s injuries. Jaron provided no explanation for the injuries. E.'s injuries were consistent with child abuse and would not have ordinarily occurred except from the deliberate, unreasonable, and neglectful acts of mother and Jaron, who had care, custody, and control of the child. The petition further alleged that "[t]he child's parents knew, or reasonably should have known, that the child was being physically abused and failed to take action to protect the child." Mother and Jaron failed to obtain timely medical care for E. despite being told by doctors that she sustained a skull fracture. Justin failed to and was currently unable to provide for I.'s basic necessities of life. The parents' conduct placed the children at risk of harm.

As for the disposition, the juvenile court removed the children from their parents' custody. Pursuant to Welfare and Institutions Code section 361.5, subdivision (b)(5) and (6), the court found that it would not be in the children's best interest to provide reunification services to mother and Jaron. The court denied Justin reunification services because he was merely an alleged father and because he had made almost no effort to see his child since her detention. The court set the matter for a Welfare and Institutions Code section 366.26 hearing. Mother, Jaron, and Justin each filed a notice of intent to file a writ petition. We issued an order staying the proceedings in the juvenile court.

## III

## DISCUSSION

a., b.[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

c. *Remand is necessary to ensure compliance with ICWA.*

On March 28, 2007, the court ordered the Department to notify the appropriate Indian tribes. The Department concedes it issued no notices according to the requirements of the ICWA (25 U.S.C. § 1912(a))[5] and does not oppose remand for the limited purpose of assuring proper compliance with that act.

---

[*]See footnote, *ante*, page 1406.

[5] Title 25 United States Code section 1912(a) states: "In any involuntary proceeding in a State court, where the court knows or has reason to know that an Indian child is involved, the party seeking the foster care placement of, or termination of parental rights to, an Indian child shall notify the parent or Indian custodian and the Indian child's tribe, by registered mail with return receipt requested, of the pending proceedings and of their right of intervention. If the identity or location of the parent or Indian custodian and the tribe cannot be determined, such

█ The responsibility for compliance with the ICWA falls squarely and affirmatively on the court and the Department. (Welf. & Inst. Code, § 224.3, subd. (a); *In re Antoinette S.* (2002) 104 Cal.App.4th 1401, 1409 [129 Cal.Rptr.2d 15].) When notice is required but not properly given, the dependency court's orders are voidable. (*In re Karla C.* (2003) 113 Cal.App.4th 166, 174 [6 Cal.Rptr.3d 205].) This case must be reversed for the limited purpose to, and remanded with directions to the juvenile court to, assure that the required notices are properly given and, based on the results, determine whether E. and I. are Indian children under the ICWA. (*In re Rayna N.* (2008) 163 Cal.App.4th 262, 264 [77 Cal.Rptr.3d 628].)

█ We are growing weary of appeals in which the only error is the Department's failure to comply with the ICWA. (See *In re I.G.* (2005) 133 Cal.App.4th 1246, 1254–1255 [35 Cal.Rptr.3d 427] [14 published opinions in 2002 through 2005, and 72 unpublished cases statewide in 2005 alone reversing in whole or in part for noncompliance with ICWA].) Remand for the limited purpose of ICWA compliance is all too common. (*In re I.G.*, at pp. 1254–1255.) The ICWA's requirements are not new. Yet the prevalence of inadequate notice remains disturbingly high. This case presents a particularly egregious example of the practice of flouting the ICWA. The Department concedes it sent no notices, notwithstanding the juvenile court's specific order that it do so. And, we have been given no indication that the Department has attempted to mitigate the damage it caused in failing to attend to the ICWA's dictates by sending notices while this proceeding was pending. (*In re Elizabeth W.* (2004) 120 Cal.App.4th 900, 908 [16 Cal.Rptr.3d 514].) "Noncompliance with the ICWA has been a continuing problem in juvenile dependency proceedings conducted in this state, and, by not adhering to this legal requirement, we do a disservice to those vulnerable minors whose welfare we are statutorily mandated to protect." (*In re I.G., supra,* at pp. 1254–1255.) Delays caused by the Department's failure to assure compliance with the law are contrary to the stated purpose of the dependency laws, to promptly resolve cases (*In re Marilyn H.* (1993) 5 Cal.4th 295, 307, 309 [19 Cal.Rptr.2d 544, 851 P.2d 826]) and to provide dependent children with protection, safety and stability. (*Id.* at p. 307; Welf. & Inst. Code, § 202.)

---

notice shall be given to the Secretary in like manner, who shall have fifteen days after receipt to provide the requisite notice to the parent or Indian custodian and the tribe. No foster care placement or termination of parental rights proceeding shall be held until at least ten days after receipt of notice by the parent or Indian custodian and the tribe or the Secretary: *Provided,* [t]hat the parent or Indian custodian or the tribe shall, upon request, be granted up to twenty additional days to prepare for such proceeding." (Italics added.)

## IV

## DISPOSITION

The petitions for extraordinary writ review are granted solely for the purpose of ensuring compliance with the ICWA; in all other respects, the petitions are denied. Let a peremptory writ of mandate issue directing respondent juvenile court to (1) vacate its order setting the Welfare and Institutions Code section 366.26 hearing; (2) order the Department to provide ICWA notices to the designated agents for the Blackfoot, Chocktaw, and Cherokee tribes at the addresses listed in the most recent federal registry. If, following such notice, any of these tribes determines that a child is an Indian child, the juvenile court shall proceed in conformity with the ICWA. If, however, no tribe determines that a minor is an Indian child, or if no response is received within the proscribed time indicating a child is an Indian child, the juvenile court shall reset the hearing under section 366.26. The stay issued April 15, 2008, is hereby lifted. The matter is immediately final as to this court. (Cal. Rules of Court, rule 8.264(b)(3).)

Klein, P. J., and Croskey, J., concurred.