Filed 10/1/15; pub. order 10/22/15 (see end of opn.)

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re B.H. et al., Persons Coming Under the Juvenile Court Law. | |
| RIVERSIDE COUNTY DEPARTMENT OF PUBLIC SOCIAL SERVICES, | E063011 |
| Plaintiff and Respondent, | (Super.Ct.No. INJ1200522) |
| v. | OPINION |
| S.H., | |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Susanne S. Cho, Judge.

Reversed with directions.

Cheryl A. Geyerman and Michelle D. Pena, under appointment by the Court of

Appeal, for Defendant and Appellant.

Gregory P. Priamos, County Counsel, and James E. Brown, Guy B. Pittman and

Julie Koons Jarvi, Deputy County Counsel, for Plaintiff and Respondent.

1

Defendant and appellant S.H. (mother) is the biological mother of C.G. (born in 2013), the child at issue in the present appeal, as well as B.H. (born in 2011), who is C.G.'s half sibling. Both children were removed from mother's custody, and her parental rights were eventually terminated. On appeal, mother contends that the order terminating her parental rights as to C.G. must be reversed for failure to comply with the notice requirements of the Indian and Child Welfare Act of 1978 (ICWA) (25 U.S.C. § 1901 et seq.). We agree, and therefore reverse.

## I. FACTS AND PROCEDURAL BACKGROUND[1]

On July 19, 2013, defendant and appellant Riverside County Department of Public Social Services (DPSS) filed the petition pursuant to Welfare and Institutions Code;[2] section 300, which initiated this dependency matter.[3] In that petition, DPSS indicated that C.G. may have Native American heritage, noting that C.G.'s father (father) had reported that *his* father (C.G.'s paternal grandfather) "had Cherokee heritage," but had "no other information." On a form entitled "Parental Notification of Indian Status," dated July 24, 2013, father checked a box stating that he may have Indian ancestry, specifying "Cherokee," but providing no information regarding the name of the tribe, or

---

[1] Because of the nature of mother's arguments on appeal, an exhaustive factual summary is unnecessary. We limit our discussion to those matters directly relevant to mother's claims of error, or necessary to provide context.

[2] Further undesignated statutory references are to the Welfare and Institutions Code.

[3] A previous dependency matter involving mother and B.H. was resolved in November 2012.

any other information.  Although father reported he had family in Louisiana, he had no relationship with any of them; he would later claim that he had no relatives except a maternal grandmother.  Mother reported that she had no Native American heritage.

At the initial detention hearing on the section 300 petition, the juvenile court ordered DPSS to provide notice of the proceedings pursuant to ICWA.  It is undisputed that DPSS failed to do so, attempting to notify the BIA of the hearing, but using an improper form that did not provide the necessary information.  At the jurisdictional and dispositional hearing on August 14, 2013, the juvenile court ordered that C.G. and her half sibling remain in the custody of mother under DPSS supervision, so ICWA did not apply, but the court's minute order also indicates a finding that they "are not Indian children."

On September 17, 2013, DPSS filed a section 387 supplemental petition, stating that the children had been detained from mother on September 13, 2013.  Again, DPSS inquired about the possible Native American heritage of C.G.; father again reported he had possible "Cherokee" ancestry, but confirmed that he is not a registered member of any tribe.  DPSS reported attempts on September 14, 15, and 16, 2013, to contact the three federally recognized Cherokee tribes.  (See *In re J.T.* (2007) 154 Cal.App.4th 986, 992 [both federal government and California recognize three Cherokee tribes].)  It is undisputed that these efforts, too, did not comply with the requirements of ICWA. Nevertheless, the juvenile court ruled that neither C.G. nor her half sibling were "Indian children," and found ICWA requirements did not apply.

3

On March 2, 2015, the trial court found that C.G. and her half sibling were adoptable and terminated mother's parental rights.

## II. DISCUSSION

Mother's only claim of error in this appeal is that DPSS failed to provide notice of the proceedings pursuant to ICWA procedures, requiring the reversal of the order terminating her parental rights. We agree.

"The ICWA's procedural and substantive requirements must be followed in involuntary child custody proceedings when an 'Indian child' is involved. An 'Indian child' is defined by the ICWA as "any unmarried person who is under age eighteen and is either (a) a member of an Indian tribe or (b) is eligible for membership in an Indian tribe and is the biological child of a member of an Indian tribe.' (25 U.S.C. § 1903(4).)" (*In re O.K.* (2003) 106 Cal.App.4th 152, 155-156.) "The Indian status of the child need not be certain to invoke the notice requirement. [Citation.] Because the question of membership rests with each Indian tribe, when the juvenile court knows or has reason to believe the child may be an Indian child, notice must be given to the particular tribe in question or the Secretary [of the Interior]." (*In re Desiree F.* (2000) 83 Cal.App.4th 460, 471.)

Here, then, the question is whether the juvenile court knew or had reason to believe C.G. was an "Indian child" as that term is used in ICWA. We answer that question in the affirmative. There is no indication that C.G. herself is a registered member of any Indian tribe, and her father confirmed that he, too, is not a registered member of an Indian tribe. But a person need not be a *registered* member of a tribe to be

4

a member of a tribe—parents may be unsure or unknowledgeable of their own status as a member of a tribe. (See *Dwayne P. v. Superior Court* (2002) 103 Cal.App.4th 247, 257-258 (*Dwayne P.*).) Moreover, it is possible for a child to be an Indian child on the basis of a grandparent's membership in a tribe. (See *In re B.R.* (2009) 176 Cal.App.4th 773, 778, 781 [holding ICWA notice should have been made to Apache tribes, based on information that the children's paternal grandfather was "one-fourth Apache Indian," despite lack of biological relationship between children and grandfather (father was adopted)].) Here, as noted, father specifically reported "Cherokee" ancestry, through his own father. Though he was unable to provide any further information, this was sufficient to trigger ICWA notice requirements. (See *Dwayne P.*, *supra,* at pp. 256-258 [collecting cases, and finding parents' statements that they each may have "Cherokee Indian heritage" sufficient to trigger ICWA notice provisions]; *In re Antoinette S.* (2002) 104 Cal.App.4th 1401, 1405, 1407-1408 [following *Dwayne P.*, finding father's "suggestion" that maternal grandparents "were of Native American ancestry" to be sufficient to trigger ICWA notice requirements].)

We are sympathetic to the proposition that further delay in finality of this matter is detrimental to the child. (See *In re X.V.* (2005) 132 Cal.App.4th 794, 804 ["Because juvenile dependency proceedings 'involve the well-being of children, considerations such as permanency and stability are of paramount importance. [Citation.]' [Citation.]"].) Nevertheless, we are well past the stage of "*growing* weary of appeals in which the only error is the Department's failure to comply with the ICWA." (*Justin L. v. Superior Court* (2008) 165 Cal.App.4th 1406, 1410, italics added.) The ICWA notice requirements are

5

"not onerous." (*Dwayne P.*, *supra*, 103 Cal.App.4th at p. 254.) It is absurd that DPSS, having undertaken some effort to notify the BIA and the three federally recognized Cherokee tribes of the proceedings in this matter, did not manage to comply with those requirements, thereby giving rise to the present appeal.

*In re Hunter W.* (2011) 200 Cal.App.4th 1454, does not require a different result. In that case, the court found the mother's vague claim of Indian heritage through her father and deceased paternal grandmother too speculative for ICWA to apply; she was not herself a registered member of a tribe, could not identify a specific tribe or nation from which that purported heritage derived, did not know of any relative who was a member of a tribe, and could not provide contact information for her father or another relative who might be able to provide more information. (*In re Hunter W.*, *supra*, at pp. 1468-1469.) In our case, however, the information available is somewhat more specific; father was able to identify at least a specific nation ("Cherokee"), albeit not a specific tribe. And indeed, DPSS undertook to notify the three federally recognized Cherokee tribes of the proceedings, it simply failed to do so in the manner required by ICWA.

*In re Z.N.* (2009) 181 Cal.App.4th 282, a parent, not herself a registered member of a tribe, reported that one of her grandmothers "'was Cherokee' and another 'part Apache.'" (*Id.* at p. 298.) The court of appeal opined in dictum that this "scant and general" information insufficient to "trigger a duty to notify tribes." (*Ibid.*) Importantly, however, ICWA notice had been properly provided with respect to some of the parent's other children, and the tribes had previously concluded those other children were not eligible for membership. (*In re Z.N.*, *supra*, at pp. 301-302.) The court of appeal

6

ultimately held "[a]ny error in ICWA notice was harmless," relying on the previous, properly completed notice with respect to the other children. (*Id.* at p. 302.) No similar facts demonstrating the harmlessness of DPSS's failure to comply with ICWA appear in the present record.

We note mother's contention that the juvenile court should have ordered further inquiry regarding C.G.'s possible Indian heritage, through her paternal grandfather, by investigation of father's relatives. Father, however, was unable to provide DPSS with any contact information regarding any relatives on his father's side, claiming no relationship with any relative except a maternal grandmother. Nothing in the record suggests any reasonable path of investigation DPSS could have followed to track down additional information to flesh out father's claim of "Cherokee" heritage. The only error we find is DPSS's conceded failure to follow ICWA requirements when notifying the BIA and the three federally recognized Cherokee tribes of the proceedings on the basis of the facts it had uncovered, not any failure to pursue further investigation of the facts.

III. DISPOSITION

The judgment terminating parental rights regarding C.G. is reversed, and the case is remanded to the juvenile court with directions to order DPSS to comply with the notice provisions of ICWA, the relevant case law interpreting ICWA and the views expressed in this opinion, and to file all required documentation with the juvenile court for the court's inspection. If, after proper notice, a tribe claims C.G is an Indian child, the juvenile court shall proceed in conformity with all provisions of ICWA. If, on the other hand, no tribe

7

claims that C.G. is an Indian child, the judgment terminating parental rights shall be reinstated.

HOLLENHORST

J.

We concur:

RAMIREZ

P. J.

CODRINGTON

J.

Filed 10/22/15

**CERTIFIED FOR PUBLICATION**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

|  |  |
|---|---|
| In re B.H. et al., Persons Coming Under the Juvenile Court Law. | |
| RIVERSIDE COUNTY DEPARTMENT OF PUBLIC SOCIAL SERVICES, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> S.H., <br><br> Defendant and Appellant. | E063011 <br><br> (Super.Ct.No. INJ1200522) <br><br> ORDER CERTIFYING OPINION FOR PUBLICATION |

A request having been made to this court pursuant to California Rules of Court, rule 8.1120(a) and 8.1105(c) for publication of a nonpublished opinion heretofore filed in the above-entitled matter on October 1, 2015, and it appearing that the opinion meets the standard for publication as specified in California Rules of Court, rule 8.1105(c);

IT IS ORDERED that said opinion be certified for publication pursuant to California Rules of Court, rule 8.1105(b). The opinion filed in this matter on October 1, 2015, is certified for publication.

           HOLLENHORST
                     J.

We concur:

     RAMIREZ
              P. J.

     CODRINGTON
              J.

1