Filed 11/25/15 In re R.N. CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.111.5.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| In re R.N., a Person Coming Under the Juvenile Court Law. | 2d Juv. No. B264625<br>(Super. Ct. No. 14JV-000145)<br>(San Luis Obispo County) |
| SAN LUIS OBISPO COUNTY DEPARTMENT OF SOCIAL SERVICES,<br><br>   Plaintiff and Appellant,<br><br>v.<br><br>JOY T.,<br><br>   Defendant and Appellant. | |

Joy T., the biological mother of R.N., appeals from an order terminating her parental rights and freeing 10-month-old R.N. for adoption. (Welf. & Inst. Code, § 366.26.)[1] Appellant contends that San Luis Obispo County Department of Social Services failed to comply with the notice provisions of the Indian Child Welfare Act (ICWA) (25 U.S.C. § 1901 et seq) and California ICWA related statutes (§ 224 et seq.). We conclude that proper notice was provided and affirm.

### Procedural History

In 2014 R.N. was removed from appellant's care after he tested positive for amphetamine at birth and was hospitalized for pneumonia. Appellant, age 19, was addicted to methamphetamine and living in a "dope house." On May 2, 2014, San Luis

---

[1] All statutory references are to the Welfare & Institutions Code unless otherwise stated.

Obispo County Department of Social Services (DSS) filed a dependency petition for failure to protect (§ 300, subd. (b)). The petition alleged that appellant and the biological father, Oliver N., suffered serious substance abuse problems and lacked the ability to provide for R.N.'s care.

At the June 12, 2014 combined jurisdictional/disposition hearing, the trial court sustained the petition, removed R.N. from appellant's physical custody and ordered reunification services.

At the six month review hearing, the trial court terminated reunification services based on appellant's failure to engage in any aspect of the reunification plan. At the conclusion of the hearing, the trial court reviewed the ICWA notices, found that DSS complied with the ICWA notice requirements, and found that ICWA did not apply.

Appellant filed a notice of intent to file a petition for extraordinary writ review, but never filed the petition. (Cal. Rules of Court, rule 8.450.) We dismissed the matter as abandoned on March 20, 2015.

R.N. is closely bonded to his fost/adopt parents who want to provide R.N. a safe and loving home. The trial found R.N. adoptable and terminated parental rights on May 6, 2015.

*ICWA Notice*

ICWA requires that proper notice be given to Indian tribes so the tribes can identify Indian children from tribal records and participate in the dependency proceeding.[2] (*In re K.M.* (2009) 172 Cal.App.4th 115, 118-119.) Under California law, the juvenile court and child welfare agency "have an affirmative and continuing duty to inquire whether a child . . . is or may be an Indian child in all dependency proceedings. . . ." (§ 224.3, subd. (a).)

---

[2] "For purposes of ICWA, an 'Indian child' is one who is either a 'member of an Indian tribe' or is 'eligible for membership in an Indian tribe and is the biological child of a member of an Indian tribe.' (25 U.S.C. § 1903(4).)" (*In re K.M., supra,* 172 Cal.App.4th at p. 118.)

At the May 5, 2014 detention hearing, appellant stated that she may have American Indian ancestry but did not know the name of the tribe. Appellant signed an ICWA-020 form declaring that she "may have Indian ancestry" of "unknown" heritage. The biological father declared that he had no known Indian ancestry.

Where the identity of the tribe cannot be determined, ICWA requires that notice be sent to the Bureau of Indian Affairs, as was done here. On May 12, 2014, DSS mailed ICWA-030 notices to the Bureau of Indian Affairs and U.S. Department of Interior, listing the familial information that it had at that time. On May 15, 2014, the Bureau of Indian Affairs wrote back that there was insufficient information to determine tribal affiliation and that if additional information became available, DSS should forward the notice to the appropriate tribe.

At the six-month review hearing, the trial court found by clear and convincing evidence that DSS had complied with the ICWA notice requirements and that ICWA did not apply.

Appellant argues, for the first time on appeal, that DSS should have researched her familial history in a 2007 dependency case in which appellant was a dependent of the court. (*In re Joy T. et al.,* San Luis Obispo County Sup. Ct., Case Number JV45945.) Appellant speculates that the dependency file contains information about her grandfather and possible tribal affiliation which would require DSS to send updated ICWA notices. (See e.g., *In re I.B.* (2015) 239 Cal.App.4th 367, 370.)

We have taken judicial notice of appellant's dependency file in Case Number JV45945. (Evid. Code, §§ 452; 459, subd. (b); see e.g., *In re Z.N.* (2009) 181 Cal.App.4th 282, 298-300; *In re Justin S.* (2007) 150 Cal.App.4th 1426, 1429, fn. 2.) The file reflects that appellant's mother declared that she had no American Indian ancestry. On July 10, 2007, appellant's father declared that he had no American Indian ancestry.

Appellant argues that the judgment should be conditionally reversed and the matter remanded to effectuate proper notice under ICWA. (See e.g., *Justin L. v. Superior Court* (2008) 165 Cal.App.4th 1406, 1410.) That would be an empty formality and a waste of scarce judicial resources. (*In re E.W.* (2009) 170 Cal.App.4th 396, 402.)

3

There is no information in appellant's dependency file that appellant or her family has Indian ancestry. Remanding for an updated ICWA notice would be an idle act. (Civ. Code, § 3532; see *In re I.W.* (2009) 180 Cal.App.4th 1517, 1530 [alleged deficiencies in an ICWA notice are harmless if dependent child is not an Indian child].) Delaying R.N.'s adoption "for an empty exercise with a pre-ordained outcome, especially where that exercise does nothing concrete to further the purposes of ICWA" would be an exercise in futility. (*In re E.W., supra,* 170 Cal.App.4th at p. 402.)

The judgment (order terminating parental rights) is affirmed.

NOT TO BE PUBLISHED.

YEGAN, J.

We concur:

GILBERT, P.J.

PERREN, J.

4

Linda D. Hurst, Judge

Superior Court County of San Luis Obispo

_____

M. Elizabeth Handy, for Appellant.

Rita L. Neal, County Counsel, County of San Luis Obispo, Leslie H. Kraus, Deputy Couny Counsel, for Respondent.