RAMIREZ, P. J.
*262 Defendant Dinh Van Nguyen has a prior first degree burglary conviction which qualifies as:
1. A "strike" prior ( Pen. Code, §§ 667, subds. (b) - (i), 1170.12 );
2. A one-year prior prison term enhancement ( Pen. Code, § 667.5, subd. (b) ); and
3. A five-year prior serious felony conviction enhancement ( Pen. Code, § 667, subd. (a) ).
The information in this case contained one paragraph alleging the fact of the prior and citing the statute that defines a strike. It also contained a second paragraph realleging the fact of the prior and citing the statute that defines a prior prison term enhancement. However, it never specifically alleged-either in so many words or by citing the relevant statute-a prior serious felony conviction enhancement.
Defendant admitted the fact of the prior; he did not expressly admit its legal effect. Then, at sentencing, the trial court used the prior as a strike and as a prior serious felony conviction enhancement. Defense counsel did not object.
*263 The trial court erred by imposing the prior serious felony conviction enhancement. Under Penal Code section 1170.1, subdivision (e), an enhancement must "be alleged in the accusatory pleading ...." As construed by the Supreme Court, this requirement cannot be satisfied merely by alleging the facts underlying an enhancement as the basis for a substantive offense or for a different enhancement. Moreover, a violation of this requirement results in an unauthorized sentence, and therefore defense counsel did not forfeit the error.
I
PROCEDURAL BACKGROUND
A. Case No. RIF1301321: Contracting-Related Crimes .
In case No. RIF1301321 (contracting case), after a jury trial, defendant was found guilty of first degree burglary ( Pen. Code, §§ 459, 460, subd. (a) ), grand theft ( Pen. Code, § 487, subd. (a) ), diversion of construction funds ( Pen. Code, § 484b ), fraudulent use of a contractor's license number ( Bus. & Prof. Code, § 7027.3 ), contracting without a license ( Bus. & Prof. Code, § 7028, subd. (a) ), and charging an excessive down payment ( Bus. & Prof. Code, § 7159.5, subd. (a)(3) ).
*617 After waiving a jury, defendant admitted one prior serious and violent felony conviction. As will be seen, the effect of this admission is disputed. He was sentenced to a total of 17 years in prison.
B. Case No. RIF1301886: Criminal Threat .**
II
THE INFORMATION DID NOT ADEQUATELY ALLEGE A PRIOR SERIOUS FELONY CONVICTION ENHANCEMENT
Defendant contends that the trial court erred by imposing a prior serious felony conviction enhancement ( Pen. Code, § 667, subd. (a) ), because this particular enhancement had not been either alleged or admitted.
*264 A. Additional Factual and Procedural Background .
The information in the contracting case contained two prior conviction allegations.
First, it alleged that on June 9, 2004, defendant was convicted of first degree burglary, and that he had served a prior prison term for this offense, "within the meaning of Penal Code section 667.5, subdivision (b)."
Second, it alleged that on June 9, 2004, defendant was convicted of first degree burglary, "a serious and violent felony ... within the meaning of Penal Code sections 667, subdivisions (c) and (e)(1), and 1170.12, subdivision (c)(1)."
After a jury found defendant guilty, he agreed to admit the priors. In response to the prosecutor's questioning, he admitted that: (1) he had a 2004 conviction for first degree burglary; (2) first degree burglary was a serious felony; and (3) he had been sentenced to six years for this and other crimes.
During the admission colloquy, the prosecutor repeatedly represented to the trial court that what defendant was admitting was a "nickel prior" "under Penal Code section 667(a)." Defense counsel did not disagree or object.
At sentencing, the trial court doubled the term on each felony count pursuant to the three strikes law. This discussion ensued:
"[THE COURT:] As to the 667.5(b), the prison prior, the defendant is sentenced to one year in state prison.
"[THE PROSECUTOR]: I do apologize. I think there's a typo on the [i]nformation. It's a nickel prior under 667(a), because the strike is a serious offense, and the current offense is a serious offense.
"THE COURT: It's five?
"[THE PROSECUTOR]: It's a nick[el] prior.
"THE COURT: There was a typo in what I received.
"[THE PROSECUTOR]: I apologize.
"THE COURT: For the 667.5(a) [sic ], referred to as the nick[el] prior, the defendant is sentenced to five years in state prison ...."
*265 Once again, defense counsel did not object.
B. Merits .
Penal Code section 1170.1, subdivision (e) provides that: "All enhancements shall be alleged in the accusatory pleading and either admitted by the defendant in open court or found to be true by the trier of fact."
*618 People v. Mancebo (2002) 27 Cal.4th 735, 117 Cal.Rptr.2d 550, 41 P.3d 556, although not precisely on point, is the most relevant Supreme Court case. There, the defendant was charged with forcible sex offenses against each of two victims. It was further alleged that he was subject to sentencing under the "One Strike" law based on, among other things, the use of a firearm. ( Pen. Code, § 667.61, former subd. (e)(4); see now id ., subd. (e)(3).) Finally, it was alleged that, in the commission of the sexual offenses, he personally used a firearm. ( Pen. Code, § 12022.5, subd. (a).) ( Mancebo , supra , at p. 740, 117 Cal.Rptr.2d 550, 41 P.3d 556 ; see also id . at pp. 742-743, 117 Cal.Rptr.2d 550, 41 P.3d 556.) He was found guilty as charged, and all enhancement allegations were found true. ( Id . at p. 740, 117 Cal.Rptr.2d 550, 41 P.3d 556.)
At sentencing, the trial court recognized that it could not impose both firearm use enhancements and One Strike sentencing based on firearm use. ( People v. Mancebo , supra , 27 Cal.4th at p. 740, 117 Cal.Rptr.2d 550, 41 P.3d 556, citing Pen. Code, § 667.61, subd. (f).) Nevertheless, it imposed the firearm use enhancements, and it imposed One Strike sentencing based on multiple victims; it reasoned that the jury had necessarily found that there were multiple victims, even though the information had not alleged a multiple-victim special circumstance. (Ibid ., citing Pen. Code, § 667.61, former subd. (e)(5); see now id ., subd. (e)(4).)
On appeal, the Supreme Court reversed, holding that the trial court could not use the multiple-victim special circumstance in sentencing because it had not been pleaded. ( People v. Mancebo , supra , 27 Cal.4th at p. 754, 117 Cal.Rptr.2d 550, 41 P.3d 556.) It noted that the One Strike Law requires that a special circumstance must be "alleged in the accusatory pleading" and "either admitted by the defendant in open court or found to be true by the trier of fact." ( Id . at p. 743, 117 Cal.Rptr.2d 550, 41 P.3d 556, italics omitted, citing Pen. Code, § 667.61, former subd. (i); see now id ., subd. (o).) To satisfy the allegation requirement, it was not adequate to allege the fact of multiple victims ( id . at pp. 744-745, 117 Cal.Rptr.2d 550, 41 P.3d 556 ); rather, it was necessary to "allege[ ] multiple victim circumstances" and/or to "reference[ ] subdivision (e)(5) of [Penal Code] section 667.61...." ( Id . at p. 745, 117 Cal.Rptr.2d 550, 41 P.3d 556.)
"[N]o factual allegation in the information or pleading in the statutory language informed defendant that if he was convicted of the underlying *266 charged offenses, the court would consider his multiple convictions as a basis for One Strike sentencing .... Thus, the pleading was inadequate because it failed to put defendant on notice that the People, for the first time at sentencing, would seek to use the multiple victim circumstance to secure indeterminate One Strike terms ...." ( People v. Mancebo , supra , 27 Cal.4th at p. 745, 117 Cal.Rptr.2d 550, 41 P.3d 556.)
The court also stated: "There can be little doubt that the prosecution understood the One Strike law's express pleading requirements and knew how to comply with them. ... [Thus,] the People's failure to include a multiple-victim-circumstance allegation must be deemed a discretionary charging decision." ( People v. Mancebo , supra , 27 Cal.4th at p. 749, 117 Cal.Rptr.2d 550, 41 P.3d 556.)
In a footnote, the court acknowledged that other statutes used similar " 'pled and proved' or 'alleged and found true' language ...." ( People v. Mancebo , supra , 27 Cal.4th at p. 745, fn. 5, 117 Cal.Rptr.2d 550, 41 P.3d 556.) Nevertheless, it stated: "We caution that our holding is limited to a construction of the language of section 667.61.... We have no occasion in this *619 case to interpret other statutory provisions not directly before us." ( Ibid . )
Here, similarly, the information failed to allege a prior serious felony conviction. Admittedly, it did plead the fact of the conviction. Ordinarily, "[t]here is no requirement that [an] information name the statute which the accused is charged with violating, so long as the charging language adequately informs the accused of the act which she is charged with committing. [Citations.]" ( Isaac v. Superior Court (1978) 79 Cal.App.3d 260, 262, 146 Cal.Rptr. 396.) Under Mancebo , however, this is not enough to satisfy a statutory "pled and proved" requirement.
We recognize that the holding of Mancebo was expressly limited to the One Strike Law, Penal Code section 667.61. Nevertheless, we are unable to distinguish the language of Penal Code section 667.61, former subdivision (i) ("alleged ... and ... either admitted ... or found to be true") from the language of Penal Code section 1170.1, subdivision (e) ("alleged ... and either admitted ... or found to be true"). Moreover, Mancebo relied on a number of cases that it found to be analogous, even though they dealt with other statutes. ( People v. Mancebo , supra , 27 Cal.4th at pp. 745-747, 117 Cal.Rptr.2d 550, 41 P.3d 556.) These included People v. Hernandez (1988) 46 Cal.3d 194, 249 Cal.Rptr. 850, 757 P.2d 1013, which involved Penal Code former section 667.8, and People v. Najera (1972) 8 Cal.3d 504, 105 Cal.Rptr. 345, 503 P.2d 1353, which involved Penal Code section 12022.5.
The information affirmatively indicated that the prior conviction was being pleaded solely for purposes of the three strikes law. Significantly, every *267 prior serious felony conviction is necessarily also a strike prior. (Compare Pen. Code, § 667, subd. (a)(1) & (a)(4) with Pen. Code, §§ 667, subd. (d)(1) & (d)(2), 1170.12, subd. (b)(1) & (b)(2).) Charging language which expressly states that a fact is alleged to invoke one particular statute does not adequately inform the accused that the People will use it to invoke a different statute. (Cf. People v. Sweeney (2016) 4 Cal.App.5th 295, 301, 208 Cal.Rptr.3d 579 [information alleging elevated sentence under Pen. Code, § 186.22, subd. (d) did not provide adequate notice of enhancement under Pen. Code, § 186.22, subd. (b) when the two provisions were mutually exclusive].) Accordingly, when, as here, the People allege a prior serious felony conviction, and when they cite the three strikes law but do not cite the prior serious felony conviction statute, we can only conclude that they have made "a discretionary charging decision."[1] *620 We are not holding that an information must cite the applicable enhancement statute. It might be sufficient to allege that the defendant has a certain prior serious felony conviction "for enhancement purposes" or "for purposes of a five-year enhancement." It might even be sufficient (though we need not decide the question here) to allege the conviction "for all applicable purposes" or for no specified purpose whatsoever. (See People v. Thomas (1986) 41 Cal.3d 837, 843, 226 Cal.Rptr. 107, 718 P.2d 94 [When "[t] he defect in the pleading ... is one of uncertainty only, [it] is waived by defendant's failure to demur. [Citations.]"].)
Our holding finds support in People v. Botello (2010) 183 Cal.App.4th 1014, 107 Cal.Rptr.3d 698. There, the information alleged gang enhancements; it also alleged personal firearm use enhancements *621 under Penal Code section 12022.53, subdivisions (b), (c), and (d). The jury found all of these enhancements to be true. ( Botello , supra , at p. 1021, 107 Cal.Rptr.3d 698.) On appeal, however, the People *268 conceded that there was insufficient evidence that either of the defendants was the shooter; they asked the appellate court to impose gang vicarious firearm discharge enhancements under Penal Code section 12022.53, subdivision (e). ( Botello , supra, at p. 1022, 107 Cal.Rptr.3d 698.) The appellate court held that this was prohibited under Mancebo . ( Botello , supra , at pp. 1022-1027, 107 Cal.Rptr.3d 698.) It noted that in Mancebo , "the inadequacy of pleading identified by the Supreme Court was not the failure to plead facts that would support the multiple victim circumstance, but rather the failure to plead the circumstance itself." ( Botello , supra , at p. 1024, 107 Cal.Rptr.3d 698 ; see also People v. Wilford (2017) 12 Cal.App.5th 827, 835-840, 219 Cal.Rptr.3d 765 [information alleged prior conviction for purposes of Pen. Code, § 273.5, subd. (h)(1) (15-day minimum sentence), but trial court used it for purposes of Pen. Code, § 273.5, subd. (f)(1) (increased sentencing range); held, this violated Mancebo ].)
The People rely on Penal Code section 952, which provides, in part, "In charging an offense, each count shall contain, and shall be sufficient if it contains in substance, a statement that the accused has committed some public offense therein specified. Such statement may be made in ordinary and concise language without any technical averments or any allegations of matter not essential to be proved." It has been stated, however, that Penal Code " sections 950 through 952, relating to how crimes and offenses are charged, do not apply to how enhancement allegations are charged." ( People v. Jackson (1985) 171 Cal.App.3d 609, 615, 217 Cal.Rptr. 540, disapproved on other grounds in Tobe v. City of Santa Ana (1995) 9 Cal.4th 1069, 1091, fn. 10, 40 Cal.Rptr.2d 402, 892 P.2d 1145.)
The People also rely on People v. Fialho (2014) 229 Cal.App.4th 1389, 178 Cal.Rptr.3d 1. There, the information charged the defendant with murder and attempted murder, with enhancements for personally and intentionally discharging a firearm, causing death or great bodily injury, under Penal Code section 12022.53, subdivision (d). ( Fialho , supra , at p. 1393, 178 Cal.Rptr.3d 1.) The jury found him guilty of the lesser included offenses of voluntary manslaughter and attempted voluntary manslaughter. It also found the enhancements true. ( Ibid . ) However, these enhancements could not apply to the lesser offenses. ( Ibid . ; see also id . at p. 1395, 178 Cal.Rptr.3d 1.) The trial court therefore imposed personal firearm use enhancements under Penal Code section 12022.5, subdivision (a) instead. ( Fialho , supra , at p. 1394, 178 Cal.Rptr.3d 1.)
On appeal, the defendant argued that he could not be subjected to the enhancements under Penal Code section 12022.5, subdivision (a) because they had not been alleged or found true. ( People v. Fialho , supra , 229 Cal.App.4th at pp. 1394-1395, 178 Cal.Rptr.3d 1.) The appellate court disagreed: " [Penal Code] section 1170.1, subdivision (e) does not preclude the imposition of ' "lesser included enhancements" ' [citation] when the charged enhancement is either *269 factually unsupported or inapplicable to the offense of conviction." ( Id . at p. 1397, 178 Cal.Rptr.3d 1.) It noted that "there is precedent in case law for imposition of uncharged but ' "lesser included enhancements" ' [citation] ...." ( Id . at p. 1395, 178 Cal.Rptr.3d 1.)
It further held: "We also conclude that [Penal Code] section 1170.1, subdivision (e) does not require the prosecution to include specific statutory references for enhancement allegations. It is well-settled that only the factual allegations underlying an offense or enhancement must be pleaded, unless the relevant statute provides otherwise. [Citations.] Here the information pleaded all the facts necessary for the former section 12022.5 enhancements in the section 12022.53 allegations." ( People v. Fialho , supra , 229 Cal.App.4th at p. 1397, 178 Cal.Rptr.3d 1.)[2]
A dissenting justice would have held that Penal Code section 1170.1, subdivision (e)"impos[es] specific pleading requirements for enhancements ...." ( People v. Fialho , supra , 229 Cal.App.4th at p. 1400, 178 Cal.Rptr.3d 1 [dis. op. of Márquez, J.].) "The plain language of [Penal Code] section 1170.1 [, subdivision] (e) requires that all enhancements be 'alleged in the accusatory pleading,' and that all enhancements be 'admitted by the defendant in open court or found to be true by the trier of fact.' Neither of these statutory requirements were satisfied ...." ( Ibid . )
We may assume, without deciding, that Fialho correctly states the law with regard to lesser included enhancements. The fact that the prosecution alleges the greatest potentially available enhancement does not suggest that it has made a discretionary charging decision to forgo a lesser included enhancement, if the greater turns out to be unavailable. But the situation here is significantly different. Here, the prosecution knew all along that the same prior could serve as both a strike and a prior serious felony conviction enhancement. In the words of Mancebo , its choice to allege one but not the other "must be deemed a discretionary charging decision."
Last but not least, the People also rely on People v. Tardy (2003) 112 Cal.App.4th 783, 6 Cal.Rptr.3d 24. In Tardy , the information charged the defendant with robbery and alleged eight prior prison term enhancements ( Pen. Code, § 667.5, subd. (b) ). ( Tardy , supra , at p. 785, 6 Cal.Rptr.3d 24.) The jury, however, *270 found him guilty of the lesser included offense of petty theft. ( Id . at pp. 785-786, 6 Cal.Rptr.3d 24.) The prosecution took the position that, because of the defendant's prior convictions, he was guilty of petty theft with a prior. ( Pen. Code, § 666.) The defendant then admitted the prior prison *622 term enhancements, and the trial court sentenced him under Penal Code section 666. ( Tardy , supra , at p. 786, 6 Cal.Rptr.3d 24.)
The appellate court found no error. It explained: " [Penal Code] section 666 by its terms does not require the statute to be specifically pleaded in the information or indictment. [Citations.] Nor do constitutional principles of due process require that the statute be specifically alleged as long as the pleading apprises the defendant of the potential for the enhanced penalty and alleges every fact and circumstance necessary to establish its applicability. [Citations.]" ( People v. Tardy , supra , 112 Cal.App.4th at p. 787, 6 Cal.Rptr.3d 24.)
It also stated: " Mancebo ... stands for the limited proposition that a defendant is entitled to notice of the specific facts that will be used to support an enhanced sentence. Facts alleged and proved only as part of the substantive crime charged cannot later be used to support a sentencing enhancement. [Citation.] Tardy's sentence, however, unlike Mancebo's, was enhanced based on facts specifically pleaded and proved as enhancements." ( People v. Tardy , supra , 112 Cal.App.4th at p. 789, 6 Cal.Rptr.3d 24.)
Much as with Fialho , we do not disagree with the result in Tardy . The fact that Penal Code section 666 contains no "pled and proved" requirement is sufficient to distinguish Tardy from Mancebo as well as from this case. However, for this very reason, it was unnecessary for the Tardy court to declare that Mancebo is "limited" and does not apply when the prosecution seeks to use facts pleaded as an enhancement to support a different enhancement. We find nothing in Mancebo itself that would warrant this supposed limitation.
We therefore conclude that the trial court erred by imposing the unpleaded five-year prior serious felony conviction enhancement. The People ask us, in this event, to impose the one-year prior prison term enhancement instead, which was pleaded and found true. Defendant's reply brief does not respond to the People's request; we deem this to be acquiescence. ( In re A.R. (2014) 228 Cal.App.4th 1146, 1153, 175 Cal.Rptr.3d 851.)
The trial court never struck the prior prison term enhancement. It simply failed to impose it-apparently because it could not impose both enhancements at the same time. ( People v. Jones (1993) 5 Cal.4th 1142, 1149-1153, 22 Cal.Rptr.2d 753, 857 P.2d 1163.) Reversing the prior serious felony *271 conviction enhancement should therefore revive the prior prison term enhancement. ( People v. Haskin (1992) 4 Cal.App.4th 1434, 1441, 7 Cal.Rptr.2d 1.) Accordingly, we will modify the judgment so as to impose the prior prison term enhancement.
C. Forfeiture .
It is well-established that a lack of notice can be forfeited by failure to object, even when it is claimed that it violated due process. ( People v. Abilez (2007) 41 Cal.4th 472, 521, fn. 12, 61 Cal.Rptr.3d 526, 161 P.3d 58.) In particular, when a defendant is convicted of an offense that was not alleged in the accusatory pleading, an objection based on lack of due process notice cannot be raised for the first time on appeal. ( People v. Goolsby (2015) 62 Cal.4th 360, 367, 196 Cal.Rptr.3d 726, 363 P.3d 623 ; People v. Toro (1989) 47 Cal.3d 966, 976-978, 254 Cal.Rptr. 811, 766 P.2d 577.)
We therefore questioned whether defendant's trial counsel forfeited defendant's present contention by failing to object below. At our request, the parties submitted further briefing on this issue.
*623 As defendant points out, in Mancebo itself, the Supreme Court held that the defendant did not forfeit the error by failing to object. ( People v. Mancebo , supra , 27 Cal.4th at p. 749, fn. 7, 117 Cal.Rptr.2d 550, 41 P.3d 556.) It relied on the unauthorized sentence exception-i.e., principles of waiver and forfeiture do not apply to " 'legal error resulting in an unauthorized sentence [that] commonly occurs where the court violates mandatory provisions governing the length of confinement.' [Citation.]" ( Ibid . ) In the case before it, the sentence was unauthorized because it violated the "pled and proved" requirement of Penal Code section 667.61. ( Mancebo , supra , at p. 749, fn. 7, 117 Cal.Rptr.2d 550, 41 P.3d 556.)
Mancebo is primarily a statutory decision, not a constitutional decision. Admittedly, the court did observe that "in addition to the statutory requirements that enhancement provisions be pleaded and proven, a defendant has a cognizable due process right to fair notice of the specific sentence enhancement allegations that will be invoked to increase punishment for his crimes." ( People v. Mancebo , supra , 27 Cal.4th at p. 747, 117 Cal.Rptr.2d 550, 41 P.3d 556.) It also noted that the case "implicated" "due process fair notice concerns ...." ( Id . at p. 754, 117 Cal.Rptr.2d 550, 41 P.3d 556.) Nevertheless, it stopped short of premising its decision on due process. For example, as mentioned earlier, it stated: "[O]ur holding is limited to a construction of the language of section 667.61.... We have no occasion in this case to interpret other statutory provisions not directly before us." ( Id. at p. 745, fn. 5, 117 Cal.Rptr.2d 550, 41 P.3d 556.) A decision based on due process, by contrast, would necessarily apply to other statutory provisions.
Here, defendant invokes Penal Code section 1170.1, subdivision (e), although he also states that he "failed to receive proper and adequate notice *272 and was thereby denied due process." It may well be that defense counsel forfeited any constitutional objection based on lack of notice in violation of due process by failing to raise it below. However, he could not and he did not forfeit a statutory objection, based on Penal Code section 1170.1, subdivision (e), because the violation resulted in an unauthorized sentence.
III***
IV
DISPOSITION
The judgment is modified by striking the prior serious felony conviction enhancement and the related five-year term, and by adding a prior prison term enhancement and a related one-year term, to be served consecutively. The judgment is reversed, solely with respect to the calculation of presentence conduct credit, and the matter is remanded with directions to recalculate defendant's presentence conduct credit. In all other respects, the judgment as modified is affirmed.
We concur:
McKINSTER, J.
MILLER, J.

See footnote *, ante .

We are not aware of any requirement that a prosecutor must plead and prove every prior serious felony conviction as an enhancement under Penal Code section 667, subdivision (a).
Penal Code section 969 provides: "[A]ll known previous convictions ... must be charged." However, the Supreme Court has stated that Penal Code "[s]ection 969 does not itself articulate a duty to charge prior convictions but simply specifies, once a duty to charge a prior conviction is imposed by some other law , that all such priors be charged. [Citations.]" (In re Varnell (2003) 30 Cal.4th 1132, 1141, fn. 6, 135 Cal.Rptr.2d 619, 70 P.3d 1037, italics added, italics omitted.)
Similarly, the three strikes law states that it "shall be applied in every case in which a defendant has one or more prior serious and/or violent felony convictions .... The prosecuting attorney shall plead and prove each prior serious and/or violent felony conviction," subject to specified exceptions not applicable here. (Pen. Code, § 667, subd. (f)(1).) It further states, "[t]he prosecution shall plead and prove all known prior felony serious and/or violent convictions ...." (Id. , subd. (g).) Here, however, the prosecution did plead defendant's prior serious felony conviction, expressly for purposes of the three strikes law. As far as our research reveals, these provisions of the three strike law have never been interpreted as requiring the prosecution to plead and prove a prior conviction as a prior serious felony conviction enhancement .

Oddly, the court cited Mancebo only once, and then in support of the proposition that the "multiple-victim circumstance of [Penal Code section] 667.61, subd[ivision] (e)(5) must be pleaded by 'factual allegation' or by 'pleading in the statutory language' ...." (People v. Fialho , supra , 229 Cal.App.4th at p. 1397, 178 Cal.Rptr.3d 1, italics added.) However, this is simply not a tenable reading of Mancebo ; after all, there, the crucial factual allegation-multiple victims-was pleaded.

See footnote *, ante .