Filed 3/5/21  In re J.H. CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re J.H., a Person Coming Under the Juvenile Court Law. | |
| RIVERSIDE COUNTY DEPARTMENT OF PUBLIC SOCIAL SERVICES,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>C.M.,<br><br>    Defendant and Appellant. | E075391<br><br>(Super.Ct.No. RIJ14005318)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  Cheryl C. Murphy, Judge.

Affirmed.

William D. Caldwell, under appointment by the Court of Appeal, for Defendant and Appellant.

Gregory P. Priamos, County Counsel, James E. Brown, Anna M. Marchand, and Prabhath D. Shettigar, Deputy County Counsel, for Plaintiff and Respondent.

1

C.M. (father) appeals from an order terminating parental rights to his toddler-age son J.H. (sometimes child). He contends that, when the section 366.26[1] hearing was continued twice, due to the COVID-19 pandemic, he was not given the constitutionally and statutorily required notice. He also contends that the juvenile court erred by denying his counsel's request to continue the hearing so he could be present.

We will hold that the father was given all notice required by law. The only error was that the juvenile court failed to make an express finding that he had been given proper notice of the initial section 366.26 hearing. That error was harmless — indeed, trivial — because the record conclusively demonstrated that he *had* been given proper notice of the initial hearing date. We will also hold that his counsel failed to show good cause for a continuance.

I

FACTUAL AND PROCEDURAL BACKGROUND

In May 2018, when the child was one month old, the Department of Public Social Services (Department) received a report that his mother was homeless and had no food, diapers, or warm clothing for him. She had been walking outside in 50 degree weather with the child dressed only in a onesie. She showed signs of mental illness — she was "agitated, spoke tangentially, was unable to stay on topic, and [was] unable to properly focus."

---

[1] This and all further statutory citations are to the Welfare and Institutions Code, unless otherwise indicated.

A social worker investigated. He found that actually, the mother had adequate food, clothing, and other supplies for the child. However, she was homeless, was suspected of prostitution, and had recently tested positive for opiates. She had an "extensive" criminal history, in which drugs and prostitution featured prominently. She had lost custody of an older child in an earlier dependency.

Accordingly, the Department of Public Social Services (Department) filed a dependency petition concerning J.H. Initially, the child was not detained. Four days later, however, after the mother tested positive for methamphetamine, the juvenile court ordered him detained. He was placed in foster care.

By June 2018, a social worker managed to contact the father by phone. In August 2018, paternity test results showed that he was the child's biological father.

In August 2018, at the jurisdictional hearing, the juvenile court sustained jurisdiction based on failure to protect (§ 300, subd. (b)). It ordered reunification services for both parents.

In March 2019, at the six-month review hearing, the juvenile court terminated the mother's reunification services but continued the father's.

In October 2019, the child was placed with prospective adoptive parents. The child's younger half-sister, born to the mother during the dependency, was also placed with them.

In December 2019, at the 18-month review hearing, the juvenile court found that the father had made "minimal" progress on his reunification services plan. It terminated his reunification services and set a section 366.26 hearing.

In June 2020, at the section 366.26 hearing, the juvenile court found that the child was adoptable and that there was no applicable exception to termination of parental rights. It therefore terminated parental rights.

II

NOTICE OF THE SECTION 366.26 HEARING

The father contends that he was not given the requisite notice when the section 366.26 hearing was advanced and then repeatedly continued.

A.      *Additional Factual and Procedural Background.*

The father filed a "Notification of Mailing Address" (JV-140) listing an address in Santa Maria. In August 2019, he moved to Riverside, where he was homeless. He never updated his JV-140.[2]

On December 9, 2019, at the 18-month review hearing, the father and his counsel were both present. The juvenile court set a section 366.26 hearing for April 6, 2020. It ordered the father to appear without further notice. Even so, on January 10, 2020, the Department gave notice of the April 6 hearing date to the father by first-class mail at his record address in Santa Maria.

---

[2]      At oral argument, counsel for the father represented that the father had relatives at the Santa Maria address.

4

The juvenile court advanced the April 6 hearing sua sponte to April 1. On that date, no parties or counsel were present. It continued the hearing, due to the COVID-19 pandemic, to May 12.

On April 23, the Department gave notice of the May 12 hearing date to the father by first-class mail at his record address in Santa Maria.

On May 8, in a conference call with all counsel (but no parties), the juvenile court further continued the hearing, again due to the pandemic, to June 23.

On June 1, the Department gave notice of the June 23 hearing date to the father by first-class mail at his record address in Santa Maria.

On June 23, the section 366.26 hearing went forward. The father's counsel was present; the father was not. His counsel requested "a brief continuance in order to locate my client." The trial court denied this request.

B.     *Discussion.*

Section 294 prescribes the requirements for notice of a section 366.26 hearing. If the parent is present at the hearing at which the court sets the section 366.26 hearing, the notice may be given orally then and there. (§ 294, subd. (f)(1).) It may also be given by certified mail, but not by first-class mail. (§ 294, subd. (f)(2).)

Subject to one exception not relevant here, "*once the court has made the initial finding that notice has properly been given to the parent*, . . . subsequent notice for any continuation of a Section 366.26 hearing may be by first-class mail to any last known address . . . ." (§ 294, subd. (d), italics added.)

5

Here, the juvenile court gave notice orally when it set the section 366.26 hearing. Each time the hearing was continued, the Department gave notice by first-class mail to the father's last-known address.

The father complains, however, that the juvenile court never expressly found that the initial notice had been properly given. He concludes that the subsequent notices by first-class mail were a nullity.

The Department responds, in part, that the father's counsel forfeited the asserted error by failing to object at the section 366.26 hearing. We agree. "It is well-established that a lack of notice can be forfeited by failure to object, even when it is claimed that it violated due process. [Citation.]" (*People v. Nguyen* (2017) 18 Cal.App.5th 260, 271.) A reviewing court ordinarily will not consider a challenge to a ruling if an objection could have been but was not made in the trial court. (*In re S.B.* (2004) 32 Cal.4th 1287, 1293.) "The purpose of this rule is to encourage parties to bring errors to the attention of the trial court, so that they may be corrected." (*Ibid*.) Accordingly, a party forfeits an asserted lack of notice of a hearing by failing to raise it at that hearing. (*In re Z.S.* (2015) 235 Cal.App.4th 754, 771; *In re Desiree M.* (2010) 181 Cal.App.4th 329, 334; *Marlene M. v. Superior Court* (2000) 80 Cal.App.4th 1139, 1149; *In re Gilberto M.* (1992) 6 Cal.App.4th 1194, 1198-1200.)

Admittedly, the father himself was not present at the section 366.26 hearing. However, his attorney was, and she did not object based on lack of notice. The father does not contend that this constituted ineffective assistance of counsel.

6

In arguing against forfeiture, the father relies on *In re Gladys L.* (2006) 141 Cal.App.4th 845.  There the appellate court held that the juvenile court erred by terminating the father's parental rights because he was a nonoffending parent who had never been found unfit.  (See *id*. at pp. 847-849.)  It also stated:  "[The father] did not forfeit his right to contest the termination of his parental rights by failing to act sooner. (*In re Gerardo A*. (2004) 119 Cal.App.4th 988, 993 . . . [waiver rule not enforced where it conflicts with due process].)"  (*Id*. at p. 849.)  *Gerardo A*., in turn, had refused to apply the waiver rule because the father had never had an opportunity to raise the issue in the juvenile court.  (*In re Gerardo A*., *supra*, 119 Cal.App.4th at p. 993.)  By contrast, when a parent did have an opportunity to raise an issue below, as in *Gladys L*., our power to excuse a forfeiture is discretionary, not mandatory.  (*In re D.H*. (2017) 14 Cal.App.5th 719, 728.)  We see no reason to exercise it here.

The father also argues, in his reply brief, that an objection would have been futile. He points out that counsel for the Department represented to the court — incorrectly — that the hearing had been continued on April 6 (actually on April 1) and again on May 12 (actually on May 8).  But all the father's counsel would have had to do was point out the error.  Defendant does not claim his counsel was unaware of the true facts; certainly she knew about the May 8 conference call, because she had participated in it.  Assuming the factual error was material at all (but see *post*), there is no reason to suppose that it would have been futile for the father's counsel to object.

We conclude that the father's present contention has been forfeited. Separately and alternatively, however, we also reject it on the merits.

We agree that the trial court violated section 294 by failing to make an express finding that initial notice of the hearing, originally set for April 6, had been properly given. However, the record shows indisputably that it was properly given. The trial court could give oral notice when it first set the section 366.26 hearing, and it did so. The father does not claim that there was any defect in the form of the oral notice of the initial hearing. Accordingly, the failure to make this finding was harmless. (Cf. *In re Emily D.* (2015) 234 Cal.App.4th 438, 448 [failure to find good cause for continuance was not reversible error where record showed good cause on which juvenile court relied].)

In the father's view, the lack of the required finding rendered the notice ineffective. Not so. Some statutes governing the service of a summons and complaint require strict compliance; thus, a failure to comply with the terms of the statute invalidate the service. (See *Calvert v. Al Binali* (2018) 29 Cal.App.5th 954, 962.) However, we see no reason to require strict compliance with the finding requirement here. Even the notice requirements of the Indian Child Welfare Act demand only substantial compliance. (*In re Jonathon S.* (2005) 129 Cal.App.4th 334, 343.)

"'Where a reasonable attempt has been made to comply with a statute in good faith, . . . the doctrine of substantial compliance holds that the statute may be deemed satisfied. [Citation.]' [Citation.] 'Substantial compliance means "'actual compliance in respect to the substance essential to every reasonable objective of the statute,' as

8

distinguished from 'mere technical imperfections of form'" [citation].' [Citation.]" (*People v. Green* (2004) 125 Cal.App.4th 360, 371.)  Here, there was actual compliance with the essential objective of the statute, because the father had, in fact, been given proper initial notice.  The trial court's failure to make an express finding to that effect did not defeat that objective.

The father asserts that the error violated his due process right to notice.  However, there was nothing wrong with the notice he was given.  All that was wrong was that the trial court failed to make a finding that was a statutory prerequisite to notice by first-class mail.  If the trial court had realized that it needed to make that finding, it would have.  We fail to see how the mere lack of the requisite finding deprived the father of notice and an opportunity to be heard.

At oral argument, the father likened the procedure here — advancing the hearing and then continuing it — to taking it off calendar and then resetting it.  We may assume that, if that were what happened, he would be entitled to a new initial notice (by certified mail), not merely notice of a continuance (by first-class mail).  But that is not what happened.  The hearing remained on calendar at all times.

The father makes much of the fact that, each time the juvenile court continued the hearing, it first advanced the hearing without notice to him.  Thus, he had no notice that the hearing had been advanced to April 1, on which date the juvenile court ordered a continuance to May 12; likewise, he had no notice of the conference call on May 8, on which date the juvenile court ordered a continuance to June 23.

9

He provides no authority and no analysis explaining why this matters.  He seems to assume that he was entitled to notice and an opportunity to be heard before any continuance.  If so, we disagree.  "[T]he juvenile court [has] inherent power to manage its calendar . . ." (*In re Jeanette H.* (1990) 225 Cal.App.3d 25, 28; see also *id*. at pp. 34-35; see generally Code Civ. Proc., §§ 128, subd. (a), 187; *People v. Engram* (2010) 50 Cal.4th 1131, 1146.)  A party is required to give two days' written notice of a motion for a continuance (Welf. & Inst. Code, § 352, subd. (a)(3)); the juvenile court is not.  It would be impracticable to require notice and an opportunity to be heard for a continuance due to an emergency, such as a judge's illness or death, or, as here, a global pandemic.  Was the juvenile court supposed to hold a hearing during a global pandemic to determine whether the hearing should be continued due to the global pandemic?  Undoubtedly the father was entitled to notice of the continued hearing, after it was ordered and before it was held; however, he was duly notified, by first-class mail, in accordance with section 294, subdivision (d).

Finally, the father argues that he was prejudiced because the juvenile court held the section 366.26 hearing in his absence.  He asserts that, had he been present, he could have testified about his relationship with the child in an effort to invoke the beneficial parental relationship exception to termination of parental rights.  (§ 366.26, subd. (c)(1)(B)(1).)  This assumes that, but for the error, he would have appeared.  We repeat, however, that he received all of the notice that was actually required.  He was present when the section 366.26 hearing was set; the Department sent notice of every

10

continuance by first-class mail to his JV-140 address. Even so, he did not show up. His attorney evidently was unable to contact him. The only actual error was the trial court failed to make a required finding. Even if it had made that finding, however, it seems the father still would not have shown up. Thus, his attempted showing of prejudice fails.

III

THE DENIAL OF A CONTINUANCE

Defendant contends that the juvenile court erred by denying his counsel's request for a continuance.

"Although continuances are discouraged in dependency cases [citation], the juvenile court has discretion to grant a continuance upon a showing of good cause if it is not contrary to the best interest of the child. (§ 352, subd. (a).) We review the court's ruling on a continuance request for an abuse of discretion. [Citation.]" (*In re Mary B.* (2013) 218 Cal.App.4th 1474, 1481.)

"In order to obtain a motion for a continuance of the hearing, written notice shall be filed at least two court days prior to the date set for hearing, together with affidavits or declarations detailing specific facts showing that a continuance is necessary, unless the court for good cause entertains an oral motion for continuance." (§ 352, subd. (a)(3).) Here, the father's counsel did not give two days' written notice. She also did not claim that she had been unable to do so — much less offer any facts that would support such a claim. For this reason alone, the juvenile court could properly deny a continuance.

11

Separately and alternatively, the juvenile court could properly find no good cause for a continuance. The father's counsel did not specify why, when, or how she had lost contact with him nor what efforts she had made to locate him. She did not explain what else she was going to do to locate him; thus, she did not show that, if the juvenile court did grant a continuance, it was likely that the father would appear. Finally, she did not explain why his presence was necessary. Conspicuously, she did not argue, as the father does in this appeal, that his testimony was necessary to show that the beneficial parental relationship exception applied. She also did not assert that he had not received due notice.

"The denial of a motion for continuance for absence of a party may constitute an abuse of discretion by the trial court sufficient to justify reversal only where there is an affirmative showing of 'good cause,' such as serious illness or unforeseen circumstances which prevented a party from appearing at trial. [Citations.]

"There is, however, no such showing in the case at bench, and the mere absence of a party standing alone is insufficient to compel a court to grant a continuance. Even the alleged illness and inability of [a] defendant[] to attend the trial has been held insufficient grounds for reversal where the trial court denied a request for a continuance in the absence of supporting affidavits. [Citation.]" (*Young v. Redman* (1976) 55 Cal.App.3d 827, 831.)

The father has not shown that the denial of the requested continuance was an abuse of discretion.

IV

DISPOSITION

The order appealed from is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ              
P. J.


We concur:

SLOUGH           
J.

RAPHAEL          
J.