Filed 3/10/25  P. v. Soun CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>SARITH SOUN,<br><br>        Defendant and Appellant. | A168577<br><br>(City & County of San Francisco Super. Ct. No. CRI22006064) |

Defendant appeals a judgment after a jury trial convicting him of attempted forcible rape (Pen. Code, §§ 664, 261, subd. (a)(2); count II);[1] sexual battery (§ 243.4, subd. (a); count III); assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(4); count IV); criminal threats (§ 422; count V); a lesser included offense, assault with intent to commit rape (§ 220, subd. (a); count VII, as designated by the trial court); and a lesser included offense, misdemeanor trespass with entry into dwelling (§ 602.5, subd. (a); count IX, as designated by the trial court).  In a bifurcated jury trial, the jury found true several aggravating factors.  Further, in a court trial, the court found true that defendant suffered a prior strike conviction pursuant to section 667, subdivisions (d) and (e), section 1170.12, subdivisions (b) and (c), and related aggravating factors.

On appeal, defendant raises several sentencing issues, including that the trial court erred by imposing a five-year prior serious felony conviction enhancement pursuant to section 667, subdivision (a), which was not pleaded in the

---

[1] All statutory references are to the Penal Code unless otherwise stated.

information. We agree with defendant that the trial court erred by imposing the five-year prior serious felony conviction enhancement under section 667, subdivision (a). We remand for a full resentencing and need not decide the remaining sentencing issues raised by defendant.

## BACKGROUND

This appeal addresses sentencing error based on a pleading defect. Accordingly, our factual summary includes only the factual and procedural background necessary to resolve the question of sentencing error.

### I. *First Amended Information*

The first amended information alleged the following six felony counts: first degree burglary with intent to commit sexual assault (§ 220, subd. (b); count I); attempted rape by force or violence or by threat of bodily injury (§§ 664, 261, subd. (a)(2); count II); sexual battery by restraint (§ 243.4, subd. (a); count III); assault with force likely to cause great bodily injury (§ 245, subd. (a)(4); count IV); criminal threats (§ 422; count V); false imprisonment (§ 236; count VI). It further alleged circumstances in aggravation under California Rules of Court, rule 4.421(a)(1), (a)(3), (a)(6)–(7), and (b)(1)–(3).

Under a heading listed as "Allegation of Prior Convictions Pursuant to Penal Code Sections 667(d), 667(e), 1170.12(b), and 1170.12(c)" the information states: "It is further alleged that said defendant, Sarith Soun, prior to the commission of the above offense, did suffer a conviction and juvenile adjudication, within the meaning of Penal Code Sections 667(d), 667(e), 1170.12(b), and 1170.12(c).[2] [¶] The said defendant, Sarith Soun, previously convicted of the crime of voluntary

---

[2] Section 667, subdivision (d) defines a prior conviction of a serious or violent felony. Section 667, subdivision (e)(1) states: "If a defendant has one prior serious or violent felony conviction as defined in subdivision (d) that has been pled and proved, the determinate term or minimum term for an indeterminate term shall be twice the term otherwise provided as punishment for the current felony conviction." Section 1170.12, subdivisions (b) and (c) similarly define a prior conviction of a serious or violent felony and state that if such a prior conviction has been pleaded and proved, the defendant's sentence shall be doubled.

manslaughter, violating section 192(a) of the Penal Code, a Felony, on or about the 27th day of March, 2009, in the Superior Court of California, County of San Francisco." (Boldface, underscoring, and some capitalization omitted.) The first amended information did not allege that defendant's prior voluntary manslaughter conviction was a serious felony within the meaning of section 667, subdivision (a), which provides for an additional five-year sentencing enhancement for each prior serious felony conviction.

## II.  *Verdict*

On March 14, 2023, the jury found defendant guilty of the following felonies: attempted rape (§§ 664, 261, subd. (a)(2); count II); sexual battery by restraint (§ 243.4, subd. (a); count III); assault with force likely to cause great bodily injury (§ 245, subd. (a)(4); count IV); criminal threats (§ 422; count V); assault with intent to commit rape (§ 220, subd. (a); a lesser included offense of count I, which the trial court later designated as count VII).  The jury further found defendant guilty of a misdemeanor trespass entry into dwelling (§ 602.5; a lesser included offense of count I, which the trial court later designated as count IX).[3]

On March 15, 2023, in a bifurcated jury trial, the jury found true as to counts II, III, IV, V, and VII that the victim was particularly vulnerable (Cal. Rules of Court, rule 4.421(a)(3)) and that the defendant threatened witnesses (*id.*, rule 4.421(a)(6)).  As to count III, the jury found not true that the crime involved acts disclosing a high degree of cruelty, viciousness, or callousness (*id.*, rule 4.421(a)(1)).  As to counts II, IV, V, and VII, the jury was unable to reach a verdict on the allegation that they involved acts disclosing a high degree of cruelty, viciousness, or callousness, and the court declared a mistrial on those allegations.

On March 22, 2023, the trial court found true that defendant suffered a prior strike conviction (§ 667, subds. (d) & (e), 1170.12, subds. (b) & (c)).  It also found

---

[3] The jury found defendant not guilty of assault with intent to commit rape while committing a first degree burglary (§ 220, subd. (b); count I).  The jury was unable to reach a verdict on false imprisonment (§ 236; count VI), and the trial court declared a mistrial on that count.

true as to counts II, III, IV, V, and VII that defendant engaged in violent conduct which indicates a serious danger to society, served a prior prison term, and had prior convictions increasing in seriousness (*id.*, rule 4.421(b)(1)–(3)).  The trial court did not make a finding as to the five-year prior serious felony conviction enhancement pursuant to section 667, subdivision (a).

**III.**  *Sentencing*

The probation department recommended a 20-year prison sentence, comprised of four years on attempted forcible rape (count II), doubled to eight years based the prior strike, consecutive to six years on assault with intent to commit rape (count VII), doubled to 12 years based on the prior strike allegation.  It recommended that the trial court impose and stay concurrent terms on the remaining counts, pursuant to section 654.  The probation report refers to the prior strike allegations found true under section 667, subdivisions (d) and (e), and section 1170.12, subdivisions (b) and (c), but it does not refer to a five-year prior serious felony enhancement under section 667, subdivision (a).

The defendant filed a motion to dismiss defendant's prior strike under section 1385 and *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*).  He argued that his prior strike should be dismissed in the interests of justice and that he should be sentenced to probation and a substance abuse residential treatment program.  The motion also argued that defendant's sentences for the various counts should run concurrently under either section 654 or the trial court's discretion because the offenses were incidental to the same course of conduct.  The motion did not mention the unpleaded five-year prior serious felony enhancement under section 667, subdivision (a).

The People's sentencing memorandum, filed on June 2, 2023, opposed the defendant's request to strike the prior strike and argued his sentence should be doubled under the "Three Strikes" law.  It further argued that under section 667, subdivision (a) defendant was subject to an additional consecutive five-year sentence enhancement based on his prior conviction and that under section 667.5, subdivision (a) defendant was subject to an additional consecutive three years based

4

on his serving a prior prison sentence for a violent felony.[4]  The People argued the defendant should be sentenced to consecutive terms for assault with intent to commit rape (count VII) and attempted forcible rape (count II) because defendant had time to reflect after the assault and before the attempted rape.  They further argued that the section 654 stay does not apply to the criminal threats conviction (count V) because the threats were committed with a distinct intent or objective from the sex offenses.  The People recommended a total sentence of 25 years 4 months, which included consecutive terms on the two lesser included counts of count I (designated by the court as counts VII and IX) and attempted forcible rape (count II), doubled based on the prior strike, plus a five-year prior serious felony enhancement and a three-year prior prison term enhancement.

Defendant was sentenced on March 22, 2023.  At the hearing, the trial court stated its tentative sentence, which included denying defendant's *Romero* motion, doubling defendant's sentence on certain counts based on his prior conviction, and also imposing a five-year enhancement for the prior conviction.  Defense counsel urged the court to strike defendant's prior strike and also asked the court not to impose the five-year enhancement.  However, defense counsel did not argue that the five-year enhancement under section 667, subdivision (a) was not pleaded in the first amended information.

After hearing the parties' arguments, the trial court denied the *Romero* motion and the defendant's request for probation.  The court imposed a total sentence of 13 years 6 months as follows:  four years (the middle term) for assault with intent to commit rape (§ 220, subd. (a); count VII), doubled to eight years based on the prior strike conviction; five years consecutive as a prior serious felony conviction enhancement under section 667, subdivision (a); one year (one-third the three-year middle term) for attempted rape (§§ 664, 261, subd. (a)(2); count II), doubled to two years, concurrent to count VII; three years (middle term) for sexual

---

[4] We note that the first amended information did not plead a prison prior under section 667.5, subdivision (a).

battery (§ 243.4, subd. (a); count III), stayed pursuant to section 654; three years (middle term) for assault with force likely to cause great bodily injury (§ 245, subd. (a)(4); count IV), stayed pursuant to section 654; two years (middle term) for criminal threats (§ 422; count V), stayed pursuant to section 654; six months in county jail for misdemeanor trespassing (§ 602.5, subd. (a); count IX), consecutive to the felony sentence. The trial court permanently stayed the restitution fund fine, the court operations assessment, the immediate critical needs assessment, and the section 290 offense fines, based on defendant's inability to pay.

## DISCUSSION

Defendant asks us to strike the five-year prior serious felony enhancement imposed under section 667, subdivision (a) because it was not alleged in the information as required by section 1170.1, subdivision (e) and due process.[5] He relies upon *People v. Nguyen* (2017) 18 Cal.App.5th 260 (*Nguyen*), which is directly on point and held that it was error to impose a five-year prior serious felony enhancement under section 667, subdivision (a) which was not pleaded in the information. (*Nguyen*, at pp. 262–263.)

We reject the People's argument that the defendant's claim is forfeited because he did not raise the pleading defect in the trial court at the time of sentencing. *Nguyen* found no forfeiture on similar facts because the statutory violation based on the language of section 1170.1, subdivision (e) resulted in an unauthorized sentence. (*Nguyen, supra*, 18 Cal.App.5th at p. 272.) *Nguyen* relied on *People v. Mancebo* (2002) 27 Cal.4th 735 (*Mancebo*), which held that a defendant

---

[5] Section 1170.1, subdivision (e) states: "All enhancements shall be alleged in the accusatory pleading and either admitted by the defendant in open court or found to be true by the trier of fact."

Section 667, subdivision (a)(1) states: "A person convicted of a serious felony who previously has been convicted of a serious felony in this state or of any offense committed in another jurisdiction that includes all of the elements of any serious felony, shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately. The terms of the present offense and each enhancement shall run consecutively."

does not forfeit a claim of sentencing error when the sentence was unauthorized because the imposed enhancement was not "pled and proved" as statutorily required. (*Mancebo*, at pp. 749–750, fn. 7.) The People argue that the California Supreme Court's decision in *People v. Anderson* (2020) 9 Cal.5th 946, 961–962 (*Anderson*) clarified that "*Mancebo* does not stand for the broad proposition that imposition of an unpleaded enhancement necessarily results in an unauthorized sentence that may be raised, and corrected, for the first time on appeal." *Anderson*'s analysis does not support finding forfeiture here.

At issue in *Anderson* was whether defendant's sentence for multiple 25-year-to-life vicarious firearm discharge enhancements should be struck because they were not alleged in the information as to his five robbery counts. (*Anderson, supra*, 9 Cal.5th at pp. 950–952.) Although *Anderson* explained that a pleading defect does not necessarily result in an unauthorized sentence which may be raised for the first time on appeal, it ultimately reached the merits of the sentencing error because the error was "clear and obvious" in that the trial court imposed 25-year-to-life enhancements that were never pleaded as required by the relevant statutes and the error affected the defendant's substantial rights "by depriving [him] of timely notice of the potential sentence he faced." (*Id.* at p. 963.) The sentencing issue raised by the defendant here is similarly "clear and obvious" in that he was sentenced to a five-year enhancement that was never pleaded as statutorily required and he had no notice of the possibility of the imposition of the enhancement prior to submitting his case to the jury. (*Id.* at p. 962.) Under these circumstances, we reach the merits of defendant's claim.

In *Nguyen*, as here, the information alleged the defendant had a prior conviction of a strike under the Three Strikes law, citing sections 667, subdivisions (b)–(i), and 1170.12. (*Nguyen, supra*, 18 Cal.App.5th at p. 262.) However, it did not allege a prior serious felony conviction under section 667, subdivision (a). (*Nguyen*, at pp. 264, 266–267.) At sentencing, the trial court doubled the term on each count pursuant to the Three Strikes law and also imposed a five-year prior serious felony enhancement under section 667, subdivision (a). (*Nguyen*, at pp. 263–264.) *Nguyen*

7

relied upon *Mancebo*, which reversed the imposition of an enhanced sentence based on a multiple victim circumstance under section 667.61 that was not alleged in the information. (*Nguyen*, at pp. 266–267.) *Mancebo* held that when a statute requires that an enhancement or special circumstance be pleaded and proved, imposition of a sentence based on an unpleaded enhancement or circumstance violated the pleading provision of the sentencing statute. (*Mancebo, supra*, 27 Cal.4th at p. 743.) *Nguyen* reasoned that the statutory language at issue in *Mancebo* (section 667.61, former subdivision (i), which required a special circumstance to be " ' "alleged in the accusatory pleading" ' " and " ' "either admitted by the defendant in open court or found to be true by the trier of fact" ' ") was essentially indistinguishable from the language of section 1170.1, subdivision (e), which states: "All enhancements shall be alleged in the accusatory pleading and either admitted by the defendant in open court or found to be true by the trier of fact." (*Nguyen*, at pp. 265–266.) *Nguyen* explained that every prior serious felony conviction is also a prior strike and that the information indicated that the prior conviction was being pleaded *solely* for purposes of the Three Strikes law. (*Nguyen*, at pp. 266–267.) It reasoned that "when, as here, the People allege a prior serious felony conviction, and when they cite the three strikes law but do not cite the prior serious felony conviction statute, we can only conclude that they have made " 'a discretionary charging decision.' " (*Id.* at p. 267, italics omitted.) *Nguyen* concluded that the trial court erred by imposing the unpleaded five-year prior serious felony enhancement. (*Id.* at p. 270.)

We reject the People's argument that because the information sufficiently pleaded the factual allegations of defendant's prior serious felony conviction nothing more is required by section 1170.1, subdivision (e). As *Nguyen* found, this is not enough to satisfy the statutory "pled and proved" requirement. (*Nguyen, supra*, 18 Cal.App.5th at p. 266.) The People attempt to distinguish *Nguyen* on the basis that *Nguyen* did not consider section 969, which states: "In charging the fact of a previous conviction of felony, or of an attempt to commit an offense which, if perpetrated, would have been a felony, or of theft, it is sufficient to state, 'That the defendant, before the commission of the offense charged herein, was in (giving the

8

title of the court in which the conviction was had) convicted of a felony (or attempt, etc., or of theft).' If more than one previous conviction is charged, the date of the judgment upon each conviction may be stated, and all known previous convictions, whether in this State or elsewhere, must be charged." Section 969 specifically addresses the pleading requirements for the fact of a prior conviction, but it does not mention the pleading requirements for enhancements. The People's argument would allow for a pleading to allege the fact of a prior conviction and leave the defendant guessing as to how that fact, if admitted or proved, may be used to enhance the defendant's sentence. Case authority holds that more is required based on the language of section 1170.1, subdivision (e), as well as due process. (*Nguyen*, at pp. 266–267; see *People v. Sawyers* (2017) 15 Cal.App.5th 713, 719, 727 [vacating sentence imposed under unpleaded Three Strikes law when information alleged prior convictions but did not expressly reference the sentencing scheme under the Three Strikes law and stating, "[I]t is the People's burden to properly plead enhancement allegations, not the defendant's responsibility to ferret them out"].) A defendant is entitled to sufficient notice of the enhancements alleged against him or her so that he or she may calculate his or her potential prison exposure. (*Mancebo, supra*, 27 Cal.4th at p. 752.)

Here, as in *Nguyen*, the People alleged the fact of the prior serious felony conviction and cited only the Three Strikes law under sections 667, subdivisions (d) and (e), and 1170.12, subdivisions (b) and (c). The information does not refer to section 667, subdivision (a), which provides for an additional five-year consecutive sentence, or otherwise state that defendant's prior conviction would be used to impose an additional five-year consecutive sentence. The trial court specifically found true the defendant's prior conviction as alleged by the People, which did not reference section 667, subdivision (a).[6] We agree with the reasoning of *Nguyen* and

---

[6] The trial court stated: "The allegation of a prior convictions pursuant to Penal Code section 667(d), 667(e), 1170.12(b), and 1170.12(c) that relates only to the conviction in 2009 on the 192(a) which the evidence is more than sufficient to show

find that under these facts, when the information alleged that the prior conviction was pleaded "*solely*" for purposes of the Three Strikes law, it was error for the trial court to impose the unpleaded five-year prior serious felony enhancement. (*Nguyen, supra*, 18 Cal.App.5th at pp. 266–267, 270.)

We do not agree with the People that the pleading error here was harmless. In *Anderson*, the California Supreme Court rejected the People's contention that their failure to plead 25-year-to-life sentencing enhancements as to multiple counts was harmless. (*Anderson, supra*, 9 Cal.5th at p. 963.) *Anderson* explained: "As *Mancebo* makes clear, the purpose of a statutory pleading requirement is not simply to ensure the defendant has notice of the potential sentence on the day of sentencing. It is meant to give sufficient notice to permit the defense to make informed decisions about the case, including whether to plead guilty, how to allocate investigatory resources, and what strategy to deploy at trial." (*Anderson*, at p. 964.) Applying these principles, *Anderson* found that the prosecution did not clarify its intent to seek sentencing based on unpleaded enhancements until the sentencing hearing and that this was too late to cure the defective pleading and was not harmless. (*Anderson*, at p. 964; accord, *In re Vaquera* (2024) 15 Cal.5th 706, 726 [following *Anderson* and finding that prosecution did not meet burden to show pleading defect was harmless].) The same is true here. It was not until after defendant was convicted that the People, for the first time, stated in their June 2, 2023, sentencing memorandum that defendant should receive an additional consecutive five-year prior serious felony conviction enhancement under section 667, subdivision (a). At that point, it was too late for defendant to consider this additional potential sentence to make informed decisions regarding plea negotiations or defense strategy.

The record here indicates that the trial court had sentencing discretion based upon the defendant's convictions on multiple counts and true findings by the trial

---

beyond a reasonable doubt that he was convicted of that crime. So I find that allegation to be true." (*Sic.*)

court and the jury on various aggravating factors. (§ 1170, subd. (b).) Having found that the imposition of the unpleaded five-year prior serious felony enhancement was error, we remand for a full resentencing so the trial court may exercise its discretion considering these changed circumstances. (*People v. Buycks* (2018) 5 Cal.5th 857, 893.)

Given that we are remanding for resentencing, we need not address defendant's remaining arguments that the trial court failed to afford great weight to the fact that defendant's prior conviction was over five years old and that the sentence on either count II (attempted forcible rape) or count VII (assault with intent to commit rape) must be stayed under section 654. The parties agree that the abstract of judgment incorrectly reflects fines and fees that the trial court did not impose. The new abstract of judgment should correctly reflect the trial court's ruling regarding fines and fees.

## DISPOSITION

The five-year prior serious felony conviction enhancement under section 667, subdivision (a) is struck, and the matter is remanded for a full resentencing in accordance with this opinion. In all other respects, the judgment is affirmed.


Jackson, P. J.


WE CONCUR:

Burns, J.
Chou, J.


A168577/*People v. Sarith Soun*

11